DLD-168                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3662
_____

ROBERT POLZER,
an individual,
                            Appellant

v.

ALLEGHENY COUNTY; DANIEL KOVACS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-00295)
District Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2015
Before:  FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2015)

_____

OPINION[*]
_____

PER CURIAM

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Robert D. Polzer, proceeding pro se and in forma pauperis, appeals from the District Court's order denying his motion to reopen his claim and granting Appellees' motion to enforce settlement. For the reasons stated below, we will affirm.

Polzer asserted claims for violations of the Eighth and Fourteenth Amendment, malicious prosecution, assault and battery against Corrections Officer Daniel Kovacs and Allegheny County stemming from injuries he suffered while incarcerated at Allegheny County Jail. At the time, Polzer was represented by Kenneth Fryncko, Esq. On March 7, 2014, Fryncko settled the case on Polzer's behalf for $16,000. Having been notified of the settlement, the District Court closed the case on March 10, 2014. On March 24, 2014 the District Court received a letter from Polzer stating that there had been "a miscommunication," and on April 2, 2014, Polzer filed a Motion to Reopen the Claim. That same day, Appellees filed a Petition to Enforce Settlement and Response to Motion to Reopen Claim. The District Court scheduled a hearing at which both Fryncko and Polzer testified, Polzer participating by videoconference.

Fryncko testified that he had a telephone conference with Polzer on March 7, 2014, immediately preceding a scheduled settlement conference, during which he recommended that, if the offer was over $15,000, Polzer should settle. Polzer responded "okay." Fryncko then confirmed that if the offer was over $15,000 he was going to accept and settle, to which Polzer again responded "ok." The call then ended. Polzer gave a different account of the call's end. He testified that at end of their conversation Fryncko asked Polzer to let him do his job, to which Polzer responded "okay."

2

Following the hearing the District Court issued its opinion in which it found that "[Polzer] expressly authorized his attorney to accept a settlement offer in excess of $15,000, the settlement agreement became enforceable when Attorney Szefi made an offer in the amount of $16,000 and Attorney Fryncko accepted it as authorized by Plaintiff on the morning of March 7, 2014." The District Court then granted the motion to enforce settlement.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's conclusions of law, and review the Court's findings of fact for clear error. See Covington v. Cont'l Gen. Tire, Inc., 381 F.3d 216, 218 (3d Cir. 2004); Tiernan v. Devoe, 923 F.2d 1024, 1039 (3d Cir. 1991). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

We apply Pennsylvania law to the enforceability of a settlement agreement. Tiernan, 923 F.2d at 1033 n.6. In Pennsylvania, "an attorney must have express authority to settle a cause of action for the client." Rothman v. Fillette, 469 A.2d 543, 545 (Pa. 1983) (cited in Tiernan, 923 at 1033); see also Reutzel v. Douglas, 870 A.2d 787, 789-90 (Pa. 2005). Thus, an attorney may not enter a settlement on behalf of his client "without the client's grant of express authority, and such express authority can only exist where the principal specifically grants the agent the authority to perform a certain task on the principal's behalf." Reutzel, 870 A.2d at 789-90.

3

Polzer argues that the District Court erred in finding that Polzer had granted his attorney express authority to enter into the settlement. We disagree. In its opinion, the District Court carefully outlined and considered both Polzer and Fryncko's testimony, distinguishing disputed and undisputed facts. The District Court then noted that the bulk of the testimony was consistent, and Polzer's and Fryncko's accounts diverged only with regard to the end of March 7 telephone conversation. Based on its consideration of "all of the evidence and the credibility of witnesses," the District Court accepted Fryncko's version of the telephone conversation regarding the settlement. Specifically, the District Court found that when Polzer stated "okay" at the end of this conversation, he was authorizing Fryncko to accept a settlement offer in excess of $15,000.

Except for bald allegations that Fryncko lied to the District Court during the hearing, and an unsupported allegation that Fryncko had "duped" Polzer into "a fraudulent settlement" that Fryncko had secretly reached with Allegheny County three days prior to the scheduled settlement conference, Polzer offers nothing to support his argument that the District Court clearly erred. We see no error with the District Court's careful examination of the facts or its finding that Polzer had expressly authorized Fryncko to settle for an amount in excess of $15,000. Accordingly, the District Court did not err in granting the motion to enforce settlement.

As the appeal presents no substantial question, we will summarily affirm the judgment of the District Court, and deny as moot Polzer's motion for appointment of counsel. Costs shall not be taxed.

4